Christopher B. Bowman (VA Bar 67977)
Miles & Stockbridge P.C.
1751 Pinnacle Dr., Suite 1500
Tysons Corner, VA 22102
T: 703-610-8620
cbowman@milesstockbridge.com
*Counsel for Ryans Park (E&A), LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| IN RE:<br><br>NAVA HEALTH MD, INC, et al.,[1]<br><br>Debtor. | Case No.: 26-10497-BFK<br><br>Chapter 11 |

**LIMITED OBJECTION TO MOTION TO ASSUME LEASES**

Ryans Park (E&A), LLC ("Landlord"), by and through undersigned counsel, files its Limited Objection to Motion to Assume Leases ("Objection"). In support thereof, Landlord states as follows:

**BACKGROUND**

1. On or about January 12, 2022, Landlord and NAVA Health Medical Group, LLC ("NHMG") entered into that certain Deed of Lease ("Lease") through which NHMG leased a commercial premises in the Shops and Ryan Park shopping center at 43670 Greenway Corporate Drive, Unit 122, Ashburn, Virginia 20147 ("Premises").

2. On or about March 1, 2026, NHMG and NAVA Health MD, LLC (collectively, the "Debtors") commenced the above-captioned bankruptcy case. The cases are jointly administered under Case No. 26-10497.

[1] The debtors in these cases are *NAVA Health MD, Inc.*, 26-104979-BFK and *NAVA Health Medical Group, LLC*, 26-10498-BFK.

3. On or about August 25, 2026, the Debtors filed a Motion to Assume Leases [Dkt. No. 133] ("Motion"), which as the name suggests, seeks to assume the Lease between NHMG and Landlord.

**LIMITED OBJECTION**

4. Landlord does not oppose the Debtors' assumption of the Lease, nor does Landlord challenge the stated cure costs of $18,772.92. Landlord's objection is limited to the Debtors' proposed timeline for paying cure costs. Specifically, the Debtors propose to pay cure costs over a period of one year from the entry of an order approving the assumption, which is not sufficiently prompt.

5. Section 365(b)(1) provides, in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default

11 U.S.C. § 365(b)(1).

6. The Bankruptcy Code does not define what constitutes a prompt cure. Whether a cure is considered prompt is determined by the facts and circumstances of each case. *In re Senior Care Centers, LLC*, 607 B.R. 580, 588 (Bankr. N.D.Tx. 2019). Sister courts have held that a cure period lasting a year or longer is not prompt. *See In re Daugherty*, 102 B.R. 167, 168 (Bankr. E.D.Mo. 1989); *In re Yokley*, 99 B.R. 394, 394-95 (Bankr. M.D. Tenn. 1989). Further, "adequate assurance of a prompt cure requires that there be a firm commitment to make all payments and at least a reasonably demonstrable capability to do so." *In re Uniq Shoes Corp.*, 316 B.R. 748, 752 (Bankr. S.D.Fl. 2004) (citing *In re Embers 86th Street, Inc.*, 184 B.R. 892, 901 (Bankr. S.D.N.Y. 1995)).

7. The Debtors' proposal to pay cure costs over a one-year period is not sufficiently prompt to meet the requirements of the Bankruptcy Code. The Debtors themselves classify their cure payments as *de minimis* and represent that their operating revenues and cash flow are sufficient to make the required cure payments. By the Debtors' own admission, then, these payments should be promptly cured at, or within a reasonably short period after, the time of assumption. Moreover, the Landlord has already been forced to wait months without receiving payment of prepetition rent. The Debtors should not be permitted to enjoy the benefits of the Lease while simultaneously denying the Landlord the benefit of its bargain. A further yearlong delay is unreasonably prejudicial to the Landlord.

8. Additionally, the Motion does not provide adequate assurance of a prompt cure. The Motion offers only conclusory statements regarding the Debtors' positive cash flow and operations, without supporting detail or documentation. The Motion also references additional funding for the Debtors in connection with their to-be-filed Chapter 11 plan, but it is unclear whether this additional funding is necessary to make the cure payments. As such, the Debtors have not met their burden to provide adequate assurance of a prompt cure.

9. For the foregoing reasons, Landlord requests that the Court condition any assumption of the Lease on the requirement that the Debtors cure all monetary defaults within five (5) business days of the date of entry of an order approving the assumption.

## **JOINDER**

10. To the extent consistent with the objection raised herein, Landlord joins in the objections of other landlords to the Motion.

WHEREFORE, the Landlord respectfully request that the Court enter an order (1) conditioning any assumption of the Lease on the requirement that the Debtors cure all monetary

defaults within five (5) business days of the date of entry of an order approving the assumption and (2) such other and further relief the Court deems necessary.

Dated September 14, 2026

Respectfully submitted,

*/s/ Christopher B. Bowman*

Christopher B. Bowman (VA Bar 67977)
Miles & Stockbridge P.C.
1751 Pinnacle Dr., Suite 1500
Tysons Corner, VA 22102
T: 703-610-8620
cbowman@milesstockbridge.com

*Counsel for Ryans Park (E&A), LLC*

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2026, a copy of the foregoing was served on all counsel of record via this Court's CM/ECF electronic filing system.

*/s/ Christopher B. Bowman*
Christopher B. Bowman