**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **In the Matter of:** | : | |
| | : | **Chapter 11** |
| | : | **(Jointly Administered)** |
| **NAVA HEALTH MD, INC., et al.,**[1] | : | |
| | : | **Case No. 26-10497-BFK** |
| **Debtors,** | : | |
| | : | |

**JOINT STIPULATION BETWEEN DEBTORS AND HCP MOP FAIRFAX VA, LP**
**REGARDING DEBTORS' MOTION TO ASSUME LEASES**

This Joint Stipulation (the "Stipulation") is entered into by and between NAVA Health Medical Group, LLC ("NHMG"), as debtor and debtor-in-possession, and HCP MOP Fairfax VA, LP (the "Landlord"), the landlord under that certain Base Year Medical Office Building Lease dated January 12, 2019 (as amended, the "Fairfax Lease"), for premises located at 8316 Arlington Boulevard, Suite 206, Fairfax, Virginia 22031 (the "Fairfax Premises").

**RECITALS**

**WHEREAS**, on March 1, 2026 (the "Petition Date"), NHMG and NAVA Health MD, Inc. ("NHMD," collectively with NHMG, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Court");

**WHEREAS**, NHMG is the tenant under the Fairfax Lease, under which the Landlord leases the Fairfax Premises for use as a retail location of the Debtors' health and wellness business;

[1] The debtors in these cases are NAVA Health MD, Inc., 26-104979-BFK and NAVA Health Medical Group, LLC, 26-10498-BFK.

**WHEREAS**, on June 17, 2026, the Court entered an Order (Dkt. #111) extending the time within which the Debtors may assume or reject unexpired leases of nonresidential real property under 11 U.S.C. § 365(d)(4) through and including September 27, 2026;

**WHEREAS**, on August 25, 2026, the Debtors filed their Motion to Assume Leases (Dkt. #133) (the "Motion"), seeking authority to assume the Fairfax Lease and certain other unexpired leases pursuant to 11 U.S.C. § 365;

**WHEREAS**, in the Motion, the Debtors identified pre-petition arrearages under the Fairfax Lease in the amount of $29,970.93, representing unpaid rent for the months of January and February 2026, and proposed to cure such arrearages within one year from the date of entry of an order approving assumption of the Fairfax Lease;

**WHEREAS**, as of the date of the filing of this Stipulation the cure amount due and owing to Landlord by NHMG is $39,049.70, which amount does not include post-petition obligations;

**WHEREAS**, the parties desire to provide for a further extension of time within which the Debtors may assume or reject the Fairfax Lease pursuant to 11 U.S.C. 365(d)(4), so as to permit the Debtors to provide additional information and certainty as to payment terms for required cures related to the Fairfax Lease, and while preserving all rights and objections of the Landlord with respect to the Debtors' proposed assumption, and any future proposed assignment of, the Fairfax Lease; and

**WHEREAS,** the Landlord consents to the proposed further extension of time within which to assume or reject the Fairfax Lease, subject to the Landlord's reservation of all rights and objections related thereto;

**NOW, THEREFORE**, in consideration of the mutual agreements set forth herein, the Parties stipulate and agrees as follows:

## STIPULATED TERMS

1. **Further Extension of Time under 11 U.S.C. 365(d)(4)(B).** The Landlord and the Debtors hereby stipulate and agree that the period within which the Debtors may assume or reject the Fairfax Lease may be extended for an additional ninety (90) days beyond the current expiration date of September 27, 2026. The Landlord provides its' express consent to such extension as required under 11 U.S.C. 365(d)(4)(B)(i).

2. **Continued Hearing on Assumption or Rejection of the Fairfax Lease.** The Landlord and the Debtors further stipulate and agree to the request made herein that the Court continue hearing on the Debtors' motion to assume the Fairfax Lease, and that the Court set such hearing on or before the proposed expiration date of December 26, 2026.

3. **Reservation of Rights Regarding Cure Timeline**. The Landlord expressly reserves all rights to object to the Debtors' proposed one-year cure timeline as currently proposed in the Motion. The Landlord does not waive, and hereby expressly preserves, its right to argue at any time that payment of pre-petition arrearages within one year from the date of entry of an assumption order does not constitute a "prompt cure" or "adequate assurance of prompt cure" as required by 11 U.S.C. § 365(b)(1)(A). The Landlord reserves the right to seek a more prompt cure at a later date, including but not limited to in connection with any plan of reorganization, sale process, or other proceeding in these Chapter 11 cases.

4. **Reservation of Rights Regarding Cure Amount**. The Landlord expressly reserves all rights to dispute the cure amount identified in the Motion. The Debtors' identification of $29,970.93 as the pre-petition arrearage under the Fairfax Lease shall not be deemed an admission by the Landlord that such amount represents the full cure amount due and owing. The Landlord reserves all rights to assert that additional amounts beyond $29,970.93 are

owed under the Fairfax Lease, including without limitation, attorneys' fees as allowed under the terms of the Fairfax Lease. As of the date of the filing of this Stipulation the cure amount due and owing to Landlord by NHMG is $39,049.70, which amount does not include post-petition obligations.

5. **Reservation of Rights Regarding Assignment**. The Landlord expressly reserves all rights with respect to any future assignment of the Fairfax Lease, including but not limited to: (a) the right to object to any proposed assignment of the Fairfax Lease; (b) the right to demand adequate assurance of future performance from any proposed assignee pursuant to 11 U.S.C. § 365(f)(2); (c) the right to enforce all applicable provisions of the Fairfax Lease and applicable law in connection with any proposed assignment; and (d) all rights under 11 U.S.C. § 365(b)(3) to the extent the Fairfax Premises constitute property in a shopping center. The entry of any order approving assumption of the Fairfax Lease shall not constitute approval of any assignment thereof, and any assignment shall require separate notice, opportunity for objection, and Court approval.

6. **No Waiver of Rights**. Except as expressly set forth herein, nothing in this Stipulation shall be deemed a waiver or relinquishment of any right, remedy, claim, or defense of the Landlord under the Fairfax Lease, the Bankruptcy Code, or applicable law. The Landlord's agreement not to file a formal objection to the Motion or appear at any hearing thereon shall not be construed as a waiver of any of the rights reserved herein or any other rights the Landlord may have.

7. **Post-Petition Obligations**. The Debtors represent that they are current on all post-petition obligations under the Fairfax Lease as of the date of this Stipulation. Nothing herein shall relieve the Debtors of any obligation to remain current on all post-petition obligations

under the Fairfax Lease, including but not limited to the timely payment of rent and all other charges as they become due.

8. **Entry of Order Approving Stipulation and Further Extension**. The Parties request that the Court approve this Stipulation and incorporate its terms into an order granting the further extension of time to assume or reject the Fairfax Lease as stipulated by the Parties herein.

Respectfully submitted,

/s/ J. Ellsworth Summers, Jr.
J. Ellsworth Summers, Jr. (VSB No. 45028)
BURR & FORMAN LLP
50 North Laura Street, Suite 3000
Jacksonville, FL 32202
Telephone: 904-724-7203
Facsimile: 904-232-7201
Email: esummers@burr.com

*Counsel to HCP MOP Fairfax VA, LP*

*/s/* Kevin M. O'Donnell
Kevin M. O'Donnell, VSB #30086
Henry & O'Donnell, P.C.
300 N. Washington Street, Suite 604
Alexandria, Virginia 22314
703-548-2100 *telephone* / 703-548-2105 *facsimile*
kmo@henrylaw.com
*Counsel to the Debtors*